IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| PANACO, INC. | § | CASE NO. 02-37811-H3-11 |
|     Debtor | § | (Chapter 11) |
| ------------------------- | | |
| | § | |
| GARY D. GROVE | § | |
|     Movant | § | |
| | § | |
| VS. | § | |
| | § | |
| PANACO, INC. | § | |
|     Respondent | § | |

## MOTION OF GARY D. GROVE
## FOR RELIEF FROM AUTOMATIC STAY

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

    Comes Now, Gary D. Grove, Movant herein, with this Motion for Relief from Automatic Stay pursuant to 11 U.S.C. §362(d) against Panaco, Inc., and in support thereof would respectfully show unto the Court as follows:

1.    The Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on July 16, 2002.  The Debtor continues to act as Debtor-in-Possession and no Trustee has been appointed.

2.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and §157, and 11 U.S.C. §105 and §362.

Motion to Lift Stay
F:\Clients\F\Fort - Cr\362 Motion.wpd

Page 1

3.      Movant is a creditor of the Debtor and the Plaintiff in a lawsuit styled *Gary D. Grove vs.*

*Panaco, Inc. et al.*, in the United States District Court for the Southern District of Texas, Galveston

Division, Case No. C.A. No. G-01-684, ("the District Court Proceeding").

4.      Movant seeks the lifting of the stay in order to prosecute the District Court Proceeding as to

any insurance proceeds that existed on the date of his accident, September 14, 2000.   A true and

correct copy of the Plaintiff's Third Amended Complaint is attached hereto as Exhibit "A" and fully

incorporated herein by reference.

5.      Factors courts consider when deciding whether to lift the automatic stay for cause include

(i) whether the issues in the pending litigation involve only state law, so that the expertise of a

bankruptcy court is unnecessary, (ii) whether the modification of the stay will promote judicial

economy, (iii) whether there would be greater interference with the bankruptcy case if the stay were

not lifted because matters would have to be litigated in bankruptcy court, and (iv) whether the estate

can be protected properly by requiring that the creditor seek enforcement of the state court judgment

through the bankruptcy court. *Robbins v. Robbins (In re Robbins), 964 F.2d 342 (4th Cir. 1992).*

In addition to these factors, courts also consider (i) whether great prejudice will result to either the

Debtor or the estate from continuation of the state court suit, (ii) whether hardship to a nondebtor

party by maintenance of the stay would result, and (iii) whether the creditor has a probability of

prevailing on the merits of the case. *In re Pro Football Weekly, Inc.*, 60 B.R. 824, 826 (N.D. Ill.

1986) (citations omitted).

6.      The District Court Action involves a personal injury claim and as such this Court is

prohibited from making a determination on the merits of the case pursuant to 28 U.S.C.

§157(b)(2)(O).  Under such facts, courts grant relief from the stay.  *See, e.g. Murray v. On-Line Business Systems, Inc. (In re Revco D.S., Inc.)*, 99 B.R. 768 (N.D. Ohio 1989).

7.    Movant requests that the stay be lifted as to all parties in order to permit him to prosecute the District Court Proceeding as to insurance proceeds only.

8.    The District Court Action involves additional nondebtor parties.  No prejudice will result to either the Debtor or the estate from the prosecution of the District Court Action.

**WHEREFORE, PREMISES CONSIDERED,** Movant, Gary D. Grove, prays that this Court lift the automatic stay pursuant to 11 U.S.C. §362(d) as to all parties to permit the Movant to continue prosecution of the District Court Proceeding to judgment with any recovery limited to insurance proceeds only, and for such other and further relief, at law and in equity, as this Court deems just.

Respectfully submitted this 6th day of May, 2003.

TOW & KOENIG, PLLC

By _____

Julie M. Koenig
State Bar No. 14217300
10077 Grogans Mill Road, Ste. 145
The Woodlands, Texas 77380
281/681-9100(Telephone)
281/681-1441 (Telecopier)

Attorneys for Movant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served by Shirley Ziegler, a secretary in my office upon the parties on the attached service list via first class mail, proper postage affixed, on this the 8th day of May, 2003.

Julie M Koenig

*Panaco, Inc.* (Case No. 02-37811-H3-11) –
Official Service List as of 4/27/03

| U.S. Trustee | Debtor and Counsel for Debtor | |
|---|---|---|
| Ellen Hickman<br>Office of the U.S. Trustee<br>515 Rusk St., Room 3516<br>Houston, TX 77002<br>Ellen.Hickman@usdoj.gov | Panaco, Inc.<br>1100 Louisiana Ave., Suite 5110<br>Houston, TX 77002<br>Attn: Todd Bart<br>ToddB@panaco.com | Panaco, Inc.<br>1100 Louisiana Ave., Suite 5110<br>Houston, TX 77002<br>Attn: Theodore Stautberg |
| Patrick J. Neligan, Jr.<br>Monica S. Blacker<br>Neligan Stricklin, L.L.P.<br>1700 Pacific, Suite 2600<br>Dallas, TX 75201<br>mblacker@neliganlaw.com<br>pneligan@neliganlaw.com<br>(214) 840-5301 (Fax) | Emanuel Cherney<br>Scott Davidson<br>Kaye Scholer, L.L.P.<br>425 Park Ave.<br>New York, NY 10022-3598<br>sdavidson@kayescholer.com<br>echerney@kayescholer.com | Lisa S. Jaubert<br>Schully, Roberts, Slattery, Jaubert<br>& Marino<br>1100 Poydras St., Suite 1800<br>New Orleans, LA 70163<br>ljaubert@schullyroberts.com |
| Unsecured Creditors Committee | | |
| Rhett G. Campbell<br>Diana M. Woodman<br>Thompson & Knight<br>333 Clay Street, Suite 3300<br>Houston, TX 77002<br>campbellr@tklaw.com<br>dwoodman@tklaw.com | Baker/Mo Services, Inc. dba Baker<br>Energy<br>16340 Park Ten Place<br>Suite 320<br>Houston, TX 77084<br>sroan@mbakercorp.com<br>(281) 579-4609 (Fax) | Parker Drilling Offshore USA<br>1401 Enclave Pkway<br>Houston, TX 77077<br>Attn: David Tucker<br>david.tucker@parkerdrilling.com<br>(281) 406-2371 (Fax) |
| El Paso Energy Partners Operating<br>Co. LLC<br>1001 Louisiana, S. 1837A<br>Houston, TX 77002<br>Attn: Ann V. Robertson<br>fiona.shakoor@elpaso.com<br>(713) 420-7001 (Fax) | Pyramid Tubular Products<br>2 Northpoint Drive, Suite 610<br>Houston, TX 77060<br>Attn: Ken L. Richmond<br>PO Box 4703<br>Houston, TX 77210-4703<br>krichmond@pyramidtubular.com<br>(281) 405-8089 (Fax) | Apache Corporation<br>2000 Post Oak Blvd., Suite 100<br>Houston, TX 77056-4400<br>Attn: Christopher W. Barnes<br>chris.barnes@apachecorp.com<br>(713) 296-6481 (Fax) |

1

| | | |
|---|---|---|
| Schlumberger Technology Corp<br>1325 S. Dairy Ashford<br>Houston, TX 77077<br>kemp@sugar-land.oilfield.slb.com<br>(281) 749-8381 (Fax) | Christopher Ryan<br>Baker Hughes Oilfield Operations,<br>Inc.<br>P.O. Box 4740<br>Houston, TX 77210-4740<br>(713) 439-8778 (Fax)<br>Chris.Ryan@bakerhughes.com | |
| **20 Largest Creditors**<br><br>Smith International<br>PO Box 201205<br>Dallas, TX 75320-1205<br>aharper@smith.com<br>(281) 233-5114 | New Park Drilling Fluids, LLC<br>c/o Bank One, Louisiana N.A.<br>PO Box 83116<br>Baton Rouge, LA 70884-3116 | Tex Air Helicopters, Inc.<br>8919 Paul B. Koonce<br>Houston, TX 77061 |
| Moncla Well Service<br>P.O. Box 52288<br>Lafayette, LA 70505 | BP Pipelines North America<br>PO Box 198560<br>Atlanta, GA 30384<br>hagermwe@bp.com<br>(918) 660-4399 (fax) | ABB Vetco Gray, Inc.<br>PO Box 910052<br>Dallas, TX 75391<br>(281) 878-5155 (Fax) |
| UNOCAL Domestic Operations<br>Joint Venture Accounting<br>PO Box 84105<br>Dallas, TX 75284-1055<br>lamar.hinojosa@unocal.com<br>(281) 287-5155 (Fax) | Quail Tools LLP<br>P O Box 10739<br>New Iberia LA 70562-0739 | High River, L.P.<br>General Motors Building, 47th Floor<br>767 Fifth Avenue<br>New York, NY 10153<br>Attn: Michelle Paige<br>mpaige@sfire.com<br>(212) 750-5815 (Fax) |
| Graham Marine<br>PO Box 8500-6315<br>Philadelphia, PA 19178-6315<br>susano@ckor.com<br>(281) 899-4801 (Fax) | El Paso Production Co<br>PO Box 201566<br>Houston, TX 77216 | Plains Marketing, L.P.<br>333 Clay Street, Suite 2900<br>Houston, TX 77002 |
| Burlington Resources<br>400 N. Sam Houston Parkway, E.<br>Suite 1200<br>Houston, TX 77060 | KPMG<br>Dept. 0691<br>PO Box 120001<br>Dallas, TX 75312-0825<br>sdecker@kpmg.com<br>(214) 840-8457 (Fax) | |

| **Secured Creditors** | | |
|---|---|---|
| AGIP Petroleum, Inc.<br>1201 Louisiana<br>Houston, TX 77002<br>(713) 393-6204 (Fax) | Hanover Compression Limited Partnership<br>P O Box 690349<br>Houston TX 77269 | Weatherford International Inc.<br>PO Box 200019<br>Houston, TX 77216-001<br>nestor.alvarez@weatherford.com<br>(713) 693.4974 (Fax) |
| Weatherford International Inc.<br>PO Box 200019<br>Houston, TX 77216-001<br>(713) 693-4484 (Fax) | Weatherford US, L.P.<br>c/o Weatherford International, L.L.P.<br>P.O. Box 20019<br>Houston, TX 77216-001 | Bud's Boat Rental, L.L.C.<br>P.O. Drawer F<br>148 Bud's Lane<br>Venice, LA 70091<br>(985) 534-2877 (Fax) |
| Newfield Exploration Co.<br>PO Box 4346<br>Dept. 315<br>Houston, TX 77210-4346<br>dvasquez@newfld.com<br>(281) 405-4242 (Fax) | Perf-O-Log<br>P.O. Box 219<br>Broussard, LA 70518<br>rdonovan@perfolog.com<br>(337) 235-8972 (fax) | R&B Falcon Drilling USA, Inc.<br>P.O. Box 201215<br>Dallas, TX 7320-1215 |
| Schlumberger Technology Corp.<br>1325 S. Dairy Ashford, Offc. 2042<br>Houston, TX 77077<br>Attn: Pre Moss<br>**MAIL ONLY** | Delta Seaboard Well Services, Inc.<br>C/o Ron Burleigh<br>P.O. Box 53817<br>Lafayette, LA 70505<br>**MAIL ONLY** | Delta Towing, L.L.C.<br>29 Development Street<br>Houma, LA 70363<br>(985) 876-4810 (Fax) |
| Western Atlas International, Inc.<br>P.O. Box 201918<br>Houston, TX 77216-1918<br>(713)789-0172 | Baker Hughes Oilfield Operations, Inc.<br>P.O. Box 200415<br>Houston, TX 77216 | Stolt Offshore, Inc.<br>P.O. Box 62008<br>New Orleans, LA 70162<br>ceaconc3@bellsouth.net<br>(504) 254-2137 (Fax |
| Double Eagle Marine, L.L.C.<br>1105 Parkview Dr.<br>New Iberia, LA 70563<br>spourciau@cox-internet.com<br>(337) 367-6660 (Fax) | Trinity Storage Services LP<br>3700 Buffalo Speedway<br>Suite 1000<br>Houston, TX 77098-3705<br>kcloud@ccng-inc.com<br>(713) 235-1992 (Fax) | Tesco Corporation<br>PO Box 41027<br>Houston, TX 77240-1027<br>eric_hoegg@tescocorp.com<br>(713) 849-0075 (Fax) |
| Wood Logging Group Services, Inc.<br>P.O. Box 201798<br>Houston, TX  77216-1798 | Thomas Energy Services<br>P.O. Box 200701<br>Dallas, TX  75320-0701 | John H. Carter Co.<br>P.O. Box 62600<br>Dept. 1186<br>New Orleans, LA  701625-2600 |
| Ryan Energy Technologies Inc.<br>PO Box 62600<br>Dept 1150<br>New Orleans, LA 70162-2600 | | |

3

| Secured Creditor | Indentured Trustee | Elizabeth Fast |
|---|---|---|
| Foothill Capital Corporation<br>11111 Santa Monica Blvd., Suite 1500<br>Los Angeles, CA 90025-3333<br>jeffrey_stanek@foothillcapital.com<br>(310) 453-7413 (Fax) | UMB Bank N.A.<br>2401 Grand Blvd., 2nd Floor<br>Kansas City, MO 64108<br>Attn: Bill Bloemker<br>r_bloemker@umb.com<br>(816) 860-3029 (Fax) | Spencer Fane<br>1000 Walnut St., Suite 1400<br>Kansas City, MO 64106<br>efast@spencerfane.com<br>Outside Counsel for UMB Bank |
| **Counsel for Secured Creditors**<br>C. William Austin<br>363 Sam Houston Parkway,<br>Suite 2020<br>Houston, TX 77060<br>waustin@newfld.com<br>(281) 847-6006 (Fax)<br>Counsel for Newfield Exploration Co. | Daniel Hughes<br>126 Heymann Blvd.<br>Lafayette, LA 70505<br>hughes@aplc.com<br>(337) 237-6567 (Fax)<br>Counsel for Perf-o-Log | Robert C. Martell<br>Johnson Johnson Barrios & Yacoubian<br>701 Poydras St., Suite 4700<br>New Orleans, LA 70139<br>rmartell@jjbylaw.com<br>(504) 528-3030 (Fax)<br>Counsel for R&B Falcon Drilling |
| Craig Ryan<br>Onebane Law Firm<br>Suite 600, Versailles Center<br>Lafayette, LA 70501<br>ryanc@onebane.com<br>(337) 266-1232 (Fax)<br>Counsel for Delta Seaboard Well Service | Robin Minturn<br>Evan T. Caffrey<br>Phelps Dunbar, L.L.P.<br>356 Canal St., Suite 2000<br>New Orleans, LA 70130-6534<br>minturnr@phelps.com<br>caffreye@phelps.com<br>(504) 568-9130 (Fax)<br>Counsel for Delta Towing LLC | William Sudela<br>Crady, Jewett & McCulley<br>2727 Allen Parkway, Suite 1700<br>Houston, TX 77019-2125<br>wsudela@cjmlaw.com<br>(713) 739-8403 (Fax)<br>Counsel for Baker Atlas |
| Robert Jones<br>Bryan Leslie Elwood<br>Patton Boggs<br>2001 Ross Ave., Suite 3000<br>Dallas, TX 75201<br>rwjones@pattonboggs.com<br>bmcilwain@pattonboggs.com<br>belwood@pattonboggs.com<br>(214) 758-1500 (Fax)<br>Counsel for Foothill Capital Corp. | Michael F. Miley<br>Deballion & Miley<br>201A Travis St.<br>Lafayette, LA 70503<br>mdmiley@telocity.com<br>(337) 233-8867<br>Counsel for Weatherford US, L.P. | Phillip Snow<br>Mark Mehnert<br>Ware, Snow, Fogel & Jackson<br>1111 Bagby St, 49th Floor<br>Houston, TX 77002-2548<br>philsnow@waresnow.com<br>markmehnert@waresnow.com<br>patrickdevine@waresnow.com<br>(713) 659-6262 (Fax)<br>Counsel for Schlumberger Tech. Corp. |
| Mary Sprague Langston<br>Stewart Peck<br>Lugenbuhl, Wheaton, Peck, Rankin & Hubbard,<br>Pan-American Life Center, 27th Floor, 601 Poydras Street<br>New Orleans, Louisiana 70130-6027<br>mlangston@lawla.com<br>speck@lawla.com<br>(504) 529-7418 (Fax)<br>Counsel For Western Atlas/Baker Atlas | | |

4

| D. Bruce Katz | | |
|---|---|---|
| Jeck, Harris & Jones, LLP | | |
| Suite 400 | | |
| 1061 E. Indiantown Road | | |
| Jupiter, FL 33477 | | |
| BKRATZ@JHLLP.COM | | |
| Counsel for Estate of W. Robert Penney | | |

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GARY D. GROVE, | § | |
|    Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| PANACO, INC., | § | C.A. NO. G-01-684 |
| WILSON FIRE EQUIPMENT | § | |
| & SERVICE CO., INC., | § | |
| MASTER PROTECTION | § | |
| CORPORATION d/b/a FIREMASTER, | § | |
| KIDDE FENWAL, INC. | § | |
| WALTER KIDDE PORTABLE | § | |
| EQUIPMENT, INC., | § | |
| PARKER DRILLING COMPANY, | § | |
| PARKER USA DRILLING COMPANY | § | |
| and PARKER DRILLING OFFSHORE | § | |
| USA L.L.C. | § | |
|    Defendants | § | JURY |

### THIRD AMENDED COMPLAINT

Plaintiff seeks damages against third party defendants for injuries that he received on a

fixed oil platform located on the Outer Continental Shelf offshore of the Texas coast.

### I.

### JURISDICTION

Gary D. Grove is a longshoreman within the meaning of the Longshore and Harbor

Workers Act, and was injured on a fixed oil platform about 80 miles south of Galveston, Texas

on the Outer Continental Shelf as that term is defined by the Outer Continental Shelf Lands Act

and brings this complaint pursuant to the provisions of the Outer Continental Shelf Lands Act.

**EXHIBIT A**

## II.

## PARTIES

Plaintiff, GARY D. GROVE, is and was at all times material to this action, a resident of Santa Fe, Galveston County, Texas.

Defendant, PANACO, INC., is a foreign corporation, that is represented by Mr. Robert Etnyre, Royston, Rayzor, Vickery & Williams, L.L.P., 1001 McKinney, Suite 1100, Houston, Texas 77002-6418. A copy of Plaintiff's Third Amended Complaint has been forwarded to Defendant PANACO, INC.'s attorney of record.

Defendant, WILSON FIRE EQUIPMENT & SERVICE CO., INC., is a domestic business corporation that is represented by Ms. Patricia M. Rosendahl, Oppenheim & Associates, 2777 Allen Parkway, Suite 922, Houston, Texas 77019. A copy of Plaintiff's Third Amended Complaint has been forwarded to Defendant WILSON FIRE EQUIPMENT & SERVICE CO., INC.'s attorney of record.

Defendant, MASTER PROTECTION CORPORATION d/b/a FIREMASTER, is a foreign corporation that is represented by Mr. James M. Corbett, Giessel, Barker & Lyman, 2700 Two Houston Center, 909 Fannin Street, Houston, Texas 77010. A copy of Plaintiff's Third Amended Complaint has been forwarded to Defendant MASTER PROTECTION CORPORATION d/b/a FIREMASTER's attorney of record.

Defendant, KIDDE-FENWAL, INC., is a foreign corporation that is represented by Mr. Mark Allen, Tekell, Book, Matthews & Limmer, 4300 One Houston Center, 1221 McKinney, Houston, Texas 77010. A copy of Plaintiff's Third Amended Complaint has been forwarded to Defendant KIDDE-FENWAL, INC.'s attorney of record.

Defendant, WALTER KIDDE PORTABLE EQUIPMENT, INC. that is represented by Mr. Mark Allen, Tekell, Book, Matthews & Limmer, 4300 One Houston Center, 1221 McKinney, Houston, Texas 77010. A copy of Plaintiff's Third Amended Complaint has been forwarded to Defendant WALTER KIDDE PORTABLE EQUIPMENT, INC.'s attorney of record.

Defendant, PARKER DRILLING COMPANY and PARKER USA DRILLING COMPANY, are foreign corporations that have been served with process. PARKER DRILLING OFFSHORE USA, L.L.C. by Mr. Jefferson R. Tillery and Norman E. Anseman III, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., 201 St. Charles Ave., 48th Floor, New Orleans, Louisiana 70170-5100 filed a response on behalf of Parker Drilling Offshore USA, L.L.C. to Plaintiff's Second Amended Complaint, which stated that it was incorrectly identified as PARKER DRILLING COMPANY and PARKER USA DRILLING COMPANY. A copy of Plaintiff's Third Amended Complaint has been forwarded to the attorney of record of PARKER DRILLING OFFSHORE USA, L.L.C.

Defendant, PARKER DRILLING OFFSHORE USA, L.L.C. is a foreign corporation that has filed an answer to Plaintiff's Second Amended Complaint. A copy of Plaintiff's Third Amended Complaint has been forwarded to its attorneys of record, Mr. Jefferson R. Tillery and Norman E. Anseman III, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., 201 St. Charles Ave., 48th Floor, New Orleans, Louisiana 70170-5100,

## III.

## FACTS

On September 14, 2000, Gary D. Grove was employed by the Nexco Corporation and was working on a fixed oil platform owned and/or operated by Panaco, Inc. located in an area

known as the East Breaks 110 approximately 80 miles south of Galveston, Texas. Parker Drilling Company and/or Parker USA Drilling Company, and/or Parker Drilling Offshore USA, L.L.C., owned and/or operated drilling rig 41-P which is located on that platform. On that date, Gary D. Grove was assigned to replace a halon fire extinguisher bottle manufactured by Defendant Kidde Fenwal, Inc. or alternatively Walter Kidde Portable Equipment, Inc. and maintained by Defendant Panaco, Inc., and/or Parker Drilling Company, and/or Parker USA Drilling Company, and/or Parker Drilling Offshore USA, L.L.C., and/or Wilson Fire Equipment & Service Co., Inc. and/or Master Protection Corporation d/b/a Firemaster.

The halon unit had discharged because of an electrical malfunction of the fire safety system. The backup halon bottle was not in place in the halon bottle panel, which necessitated the installation of another halon bottle which, because of faulty design, a manufacturing defect, failure to warn, poor maintenance and/or corrosion, discharged with great force, ricocheted off the walls of the room and struck Gary D. Grove causing serious and permanent injuries.

## IV.

The injuries and damages sustained by Gary D. Grove were caused by the failure of Defendants Panaco, Inc., and/or Parker Drilling Company and/or Parker USA Drilling Company and/or Parker Drilling Offshore USA, L.L.C., their agents, servants and employees to properly inspect, service, maintain and repair the fire safety system, including the halon bottle in question; and/or by the failure of Wilson Fire Equipment & Service Co. and/or Master Protection Corporation d/b/a Firemaster to inspect, service, maintain and repair the halon bottle and because design defects, a manufacturing defect, and a failure to warn on the part of Defendants Kidde Fenwal, Inc. and/or Walter Kidde Portable Equipment, Inc.

## V.

## PANACO, INC.

Defendant Panaco, Inc. was negligent and/or negligent per se in one or more of the following:

1.  In failing to provide a safe place to work.

2.  In failing to properly inspect the fire safety equipment on the oil platform.

3.  In failing to properly maintain the fire safety equipment on the oil platform.

4.  In failing to properly repair the fire safety equipment on the oil platform.

5.  The failure to maintain, service or have serviced the fire safety equipment, including the halon bottle, owned by Defendant Panaco, Inc. and/or under its care, custody and control.

6.  In failing to instruct employees on the maintenance of the fire safety equipment on the oil platform.

7.  In failing to provide an operations manual for the safety equipment on the oil platform.

8.  In failing to instruct platform workers how to safely remove and install halon cylinders.

Each of the aforesaid acts and omissions, separately or concurrently, were a proximate cause of the accident and of Plaintiff's injuries and damages.

## VI.

## WILSON FIRE EQUIPMENT & SERVICE CO., INC.

Alternatively, Defendant Wilson Fire Equipment & Service Co., Inc., at the time of the incident made the basis of this suit, provided the service and maintenance of the fire

extinguisher on the platform, including the halon unit in question. Such service and maintenance was supposed to include the inspection of the unit on a scheduled basis and the repair and replacement of corroded component parts of the unit so that they were in a safe and suitable condition for their intended use.

## VII.

Defendant Wilson Fire Equipment & Service Co., Inc. negligently failed to properly service and maintain the halon unit in question and such negligence was a proximate cause of Plaintiff's injuries and damages.

## VIII.

### MASTER PROTECTION CORPORATION d/b/a FIREMASTER

Alternatively, Defendant Master Protection Corporation, d/b/a Firemaster, at all times material to the incident made the basis of this suit sold and/or serviced the halon unit in question. Such sales would include the obligation to sell a product that was safe for its intended use and safe for the end users of the product and to service and maintain the halon units, including the halon unit in question. Such service includes the inspection of the unit on a regular basis, refilling of discharged units, and the repair and replacement of corroded component parts.

## IX.

Defendant Master Protection Corporation d/b/a Firemaster sold and released a defective and dangerous product into the stream of commerce and negligently failed to properly service and maintain the halon unit in question and such negligence was a proximate cause of Plaintiff's injuries and damages.

## X.

## KIDDE-FENWAL, INC.

Alternatively, Defendant KIDDE-FENWAL, INC. was at the time of manufacture of this product and is now engaged in the business of manufacturing and selling fire extinguishing equipment, including the halon unit in question, for sale and use both by the general public and in commercial application. Defendant KIDDE-FENWAL, INC. placed the halon unit in question into the stream of commerce by selling it to the supplier that provided it to the owner and/or operator of the oil platform

On September 14, 2000, the design and construction of the halon unit in question had not been changed or altered since it left the control of Defendant KIDDE-FENWAL, INC.

## XI.

Plaintiff GARY D. GROVE was injured while attempting to install the halon unit in question into a fire safety system or halon rack. The installation of the halon unit into a fire safety system or halon rack was a use intended and foreseen by Defendant KIDDE-FENWAL, INC. Because of defects in the design and manufacture of the unit in question, it was unsafe for its intended purpose at the time it left the control of Defendant KIDDE-FENWAL, INC. and these defects were a proximate cause of injuries received and damages sustained by Plaintiff GARY D. GROVE.

Alternatively, the product was defective and unreasonably dangerous because there was no warning that the unit could accidentally discharge as it did on the occasion in question. These defects and/or failures to warn were a proximate cause of the injuries received and damages sustained by Plaintiff GARY D. GROVE.

-7-

## XII.

## WALTER KIDDE PORTABLE EQUIPMENT, INC.

Alternatively, Defendant WALTER KIDDE PORTABLE EQUIPMENT, INC.. was at the time of manufacture of this product and is now engaged in the business of manufacturing and selling fire extinguishing equipment, including the halon unit in question, for sale and use both by the general public and in commercial application. Defendant WALTER KIDDE PORTABLE EQUIPMENT, INC. placed the halon unit in question into the stream of commerce by selling it to the supplier that provided it to the owner and/or operator of the oil platform

On September 14, 2000, the design and construction of the halon unit in question had not been changed or altered since it left the control of Defendant WALTER KIDDE PORTABLE EQUIPMENT, INC.

## XIII.

Plaintiff GARY D. GROVE was injured while attempting to install the halon unit in question into a fire safety system or halon rack. The installation of the halon unit into a fire safety system or halon rack was a use intended and foreseen by Defendant WALTER KIDDE PORTABLE EQUIPMENT, INC. Because of defects in the design and manufacture of the unit in question, it was unsafe for its intended purpose at the time it left the control of Defendant WALTER KIDDE PORTABLE EQUIPMENT, INC. and these defects were a proximate cause of injuries received and damages sustained by Plaintiff GARY D. GROVE.

Alternatively, the product was defective and unreasonably dangerous because there was no warning that the unit could accidentally discharge as it did on the occasion in question.

-8-

These defects and/or failures to warn were a proximate cause of the injuries received and damages sustained by Plaintiff GARY D. GROVE.

## XIV.

### PARKER DRILLING COMPANY

Alternatively, Defendant PARKER DRILLING COMPANY was, at all times material to this suit, a subcontractor working on the fixed oil platform where the accident made the basis of this suit occurred and was the owner and/or operator of Rig 41-P, a drilling rig, which was located on the platform. Defendant PARKER DRILLING COMPANY had agents, servants and employees assigned to and present on the platform who were negligent in their inspection, maintenance and repair of the halon systems on their rig and on the platform. Defendant PARKER DRILLING COMPANY was negligent in its failure to properly train and supervise its employees in the inspection, maintenance and repair of the halon cylinders located on its rig and on the platform, its failure to instruct its employees and other platform workers about the manner in which to safely remove and install halon cylinders, in its failure to provide a safe place to work for platform employees, including Plaintiff Gary D. Grove.

Each of the aforesaid acts and omissions, separately or concurrently, were a proximate cause of the accident made the basis of this suit and of Plaintiff's injuries and claims.

## XV.

### PARKER USA DRILLING COMPANY

Alternatively, Defendant PARKER USA DRILLING COMPANY was, at all times material to this suit, a subcontractor working on the fixed oil platform where the accident made the basis of this suit occurred and was the owner and/or operator of Rig 41-P, a drilling rig, which was located on this platform. Defendant PARKER USA DRILLING COMPANY had

agents, servants and employees assigned to and present upon the platform who were negligent in their inspection, maintenance and repair of the halon systems on its rig and on the platform. Defendant PARKER USA DRILLING COMPANY was negligent in its failure to properly train and supervise its employees in the inspection, maintenance and repair of halon cylinders located on its rig and on the platform, its failure to instruct its employees and other platform workers about the manner in which to safely remove and install halon cylinders and in its failure to provide a safe place to work for platform employees, including Plaintiff Gary D. Grove.

Each of the aforesaid acts and omissions, separate or concurrently, were a proximate cause of the accident made the basis of this suit and of Plaintiff's injuries and damages.

## XVI.

## PARKER DRILLING OFFSHORE USA, L.L.C.

Alternatively, Defendant PARKER DRILLING OFFSHORE USA, L.L.C. was, at all times material to this suit, a subcontractor working on the fixed oil platform where the accident made the basis of this suit occurred and was the owner and/or operator of Rig 41-P, a drilling rig, which was located on this platform. Defendant PARKER DRILLING OFFSHORE USA, L.L.C. had agents, servants and employees assigned to and present upon the platform who were negligent in their inspection, maintenance and repair of the halon systems on its rig and on the platform. Defendant PARKER DRILLING OFFSHORE USA, L.L.C. was negligent in its failure to properly train and supervise its employees in the inspection, maintenance and repair of halon cylinders located on its rig and on the platform, its failure to instruct its employees and other platform workers about the manner in which to safely remove and install

-10-

halon cylinders and in its failure to provide a safe place to work for platform employees, including Plaintiff Gary D. Grove.

Each of the aforesaid acts and omissions, separate or concurrently, were a proximate cause of the accident made the basis of this suit and of Plaintiff's injuries and damages.

## XVII.

## TEXAS LAW

The substantive laws of the State of Texas are applicable in this matter.

## XVIII.

As a result of the incident referenced above, Plaintiff sustained serious and permanent injuries to his right leg, right knee and back and is entitled to and hereby seeks a judgment against Panaco, Inc., Wilson Fire Equipment & Service Co., Inc., Master Protection Corporation d/b/a Firemaster and Kidde Fenwal, Inc., Walter Kidde Portable Equipment, Inc., Parker Drilling Company, Parker USA Drilling Company and Parker Drilling Offshore USA, L.L.C., jointly and severally, that includes the following:

| | | |
|---|---|---|
| A. | Physical Pain and Mental Anguish | $ 500,000 |
| B. | Physical Impairment (past and future) | $ 300,000 |
| C. | Lost Wages and Wage Earning Capacity (past and future) | $ 750,000 |
| D. | Medical Expenses (past and future) | $ 150,000 |
| D. | Loss of Enjoyment of Life (past and future) | $ 150,000 |
| | Total: | $1,850,000 |

## XIX.

## JURY TRIAL

Plaintiff hereby requests a jury trial.

-11-

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be duly cited to appear and answer herein, that upon final trial of the cause, Plaintiff recover his damages in the amounts set forth above from the Defendants, jointly and severally, or in those amounts deemed fair and just by the jury, prejudgment and post judgment interest, costs of court, and for such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

M. BRUCE FORT, P.C.

By: _____
     M. Bruce Fort
Attorney-in-Charge
SB# 07266000
Federal ID# 1950
1228 N. Logan, Suite 100
P.O. Box 3613
Texas City, Texas 77592-3613
(409) 945-7575
(409) 945-8961 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on this the _30_ th day of ___May___, 2002, a true and correct copy of the foregoing instrument was forwarded to all counsel of record in compliance with the applicable Federal Rules of Civil Procedure.

_____
M. Bruce Fort